**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JAMAR HILL, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 5:15-CV-453-MTT-CHW |
| Warden ERIC SELLARS, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous Order, *pro se* Plaintiff Jamar Hill, who is confined at the Hancock State Prison in Sparta, Georgia, has now filed a proper motion to proceed without the prepayment of the filing fee (ECF No. 8). Plaintiff also filed an additional lawsuit making similar (if not identical) allegations as the above-captioned lawsuit. That case was consolidated into this case by Order of the Court (ECF No. 7).

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the Court finds that Plaintiff's due process claims against Defendant Sellars must proceed for further factual development. To the extent Plaintiff attempts to raise additional claims for denial of freedom of speech and of the press, "discrimination," and retaliation, however, it is **RECOMMENDED** that such claims be **DISMISSED without prejudice.**

   I.   **Motion to Proceed** *in forma pauperis*

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis*, and based on his submissions finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The

Court thus **GRANTS** Plaintiff's motion (ECF No. 8) and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full.  The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Preliminary Screening

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint.  *See* 28 U.S.C. § 1915A(a).  When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose

factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

Plaintiff's claims arise from his incarceration in the Tier II administrative segregation program at Hancock State Prison ("HSP").  Plaintiff contends that on November 7, 2013, he was moved to the "Tier II Administrative lockdown program."  (Compl. 5, ECF No. 1.)  According to Plaintiff, the Tier II program has "harsh living conditions with limited access to law library, hygiene, recreation, and programs for parole eligibility."  *Id.*  Plaintiff states his "program"

3

started on November 14, 2013, and "per standard operating procedures an offender can only be lockdown in the Tier II program for only twenty four (24) months." *Id.* Plaintiff thus contends he "exceeded his limitation" on November 13, 2015 but is still being held "unlawfully" in the Tier II program. *Id.* Plaintiff also states that he has been denied his rights to "freedom of speech and press" and been subjected to "vindictive retaliatory tactics, discrimination" and "denial of ordanarily [sic] livelihood in administrative segregation as oppose to general population." Compl. 5, *Hill v. Sellars*, ECF No. 1 in Case No. 5:16-cv-00018-MTT-MSH ("*Hill II*") (M.D. Ga. Jan. 13, 2016).

Plaintiff states Defendant Sellars, the prison warden, is "not allowing [Plaintiff] to be released back to general population." (Compl. 5.) Plaintiff has attempted to grieve the issue and has also written a letter directly to Defendant Sellars stating that his constitutional rights are being violated, but he has received no response. *Id.* Plaintiff seeks release from the Tier II program and confinement in general population for Defendant's alleged violation of his constitutional rights. *Id.* at 6.

### C. Plaintiff's Due Process Claims

The crux of Plaintiff's claims appears to be his contention that Defendant violated his due process rights by confining him to long-term administrative segregation without the required procedural protections. (*See, e.g.,* Compl. 1, 3 (stating that prison officials would not give him a "specific reason" why he could not be released from the Tier II program).) It is well-settled that the Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without the due process of law." U.S. Const. amend. XIV. In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutionally protected liberty or

property interest without constitutionally adequate process.  *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).  Thus, to state a due process claim, a prisoner must allege more than that he has been confined in segregation without due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The prisoner must also show that the nature of his confinement (i.e., the conditions or duration) gives rise to a protected liberty interest and thus otherwise entitles him to some measure of due process.  *See id.* at 486-87.

Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (per curiam).  A relatively short term of segregation will rarely give rise to a prisoner's liberty interest in the absence of exceptionally harsh conditions.  *Compare Sandin*, 515 U.S. at 476 (placement in segregation for term of thirty days did not give rise to protected liberty interest) *with Wallace v. Hamrick*, 229 F. App'x 827, 830-31 (11th Cir. 2007) (placement in administrative segregation for 28 days without hot water, adequate ventilation, or opportunity to exercise while awaiting disciplinary hearing supported due process claim).

5

On the other hand, a prisoner's long-term or indefinite detention in administrative or disciplinary segregation may, depending on the circumstances, constitute an "atypical and significant hardship" in relation to the ordinary incidents of prison life and therefore require some procedural protections.  *See Sandin*, 515 U.S. at 484; *see also Williams v. Fountain*, 77 F.3d 372, 374-75 (11th Cir. 1996); *Jones v. Baker*, 155 F.3d 810, 813 (6th Cir. 1998) (long-term confinement may be constitutionally objectionable depending on the length of or reason for the confinement).

In this case, Plaintiff has alleged that he has been confined in administrative segregation for more than two years and that Defendants have not given him a reason for this extended segregation.  Plaintiff further states that his extended confinement in the Tier II program violates Defendant's own policies and procedures.  Plaintiff may therefore be entitled to due process protections.  *See Williams*, 77 F.3d at 374 n.3 (finding that a full year of solitary confinement constituted an "atypical and significant hardship" warranting due process protections).  At the initial screening stage, the Court must construe all allegations liberally in favor of Plaintiff.  The undersigned cannot at this stage conclude that Plaintiff's claims are entirely frivolous.  *See Al-Amin v. Donald*, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam) (noting that district court permitted prisoner's due process claims to proceed past frivolity review in part due to the fact that prisoner had been in administrative segregation for thirteen months).  Accordingly, Plaintiff's due process claims against Defendants will be permitted to proceed for further factual development.

D. Plaintiff's Additional Claims

Plaintiff mentions in his Complaint in *Hill II* that he was subjected to "den[i]al of freedom of speech and press and vindictive retail[a]tory tactics, discrimination/denial of

ordanarily [sic] livelihood in administrative segregation as oppose to general population." (Compl. 5 in *Hill II*.)  These allegations are too conclusory to state a claim upon which relief may be granted.  Plaintiff fails to even identify who denied his rights to freedom of speech and the press, retaliated against him, or discriminated against him.  As such, it is **RECOMMENDED** that such claims be **DISMISSED without prejudice.** *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

### III.    Conclusion

Based on the foregoing, the undersigned **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) and finds that Plaintiff's due process claims against Defendant Sellars must proceed for further factual development.  To the extent Plaintiff attempts to raise additional claims for denial of freedom of speech and of the press, "discrimination," and retaliation, however, the undersigned **RECOMMENDS** such claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or

correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the

parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is

authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. As noted above, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 4th day of March, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge