# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMAR HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-453 (MTT) |
| | ) |
| ERIC SELLARS, Warden, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation to grant Defendant Warden Eric Sellars Motion to Dismiss Plaintiff Jamar Hill's complaint. Doc. 20. Neither party has objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** for failure to state a claim.[1]

Plaintiff, a prisoner at Hancock State Prison, brings a claim under 42 U.S.C. § 1983 alleging his confinement in Tier II administrative segregation is a violation of his due process rights under the Fourteenth Amendment. Construed liberally, as required for a pro se complaint, Plaintiff fails to allege "enough facts to state a claim to relief that

---

[1] Defendant also argued Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies and for mootness. Doc. 20 at 3-8; 14-15. The Magistrate Judge found the Defendant did not prove Plaintiff failed to exhaust his administrative remedies and that the complaint was not moot. *Id*. The Court agrees and adopts these findings.

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("*[P]ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally."). To state a § 1983 claim for violation of procedural due process, a plaintiff must prove he has a protected liberty interest that was violated without adequate process. *See Jackson v. Brewton*, 595 F. App'x 939, 942 (11th Cir. 2014); *Wallace v. Hamrick*, 229 F. App'x 827, 829-831 (11th Cir. 2007).

As discussed in the Recommendation, prisoners generally have no liberty interest in a certain prison classification. *Kirby v. Siegelman*, 195 F. 3d 1285, 1291 (11th Cir.1999). A liberty interest implicating the Fourteenth Amendment only arises in one of two circumstances: (1) the change in conditions is so severe that it exceeds the sentence imposed by the court; or (2) "the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Plaintiff alleges no facts suggesting the first circumstance is at issue in this case. In the second circumstance, there must be a comparison between the challenged conditions and other "typical" conditions in order to determine whether the state has created a protected liberty interest. *See Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir.2013) (noting complaint "did not allege any facts showing (or that could be liberally construed to show) that [plaintiff] was confined in harsher conditions than inmates in administrative confinement or close management I status generally").

As the Magistrate Judge found, Plaintiff alleged no facts about the "ordinary incidents of prison life" in Hancock State Prison and therefore the Court cannot determine whether the state has created a liberty interest.  *See* Doc. 1; *Kirby*, 195 F.3d at 1291.  Plaintiff has also not alleged sufficient facts regarding the challenged condition—his confinement—to determine if he is subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Id*.  Moreover, Plaintiff also fails to allege any procedural defects leading to his initial assignment to Tier II segregation.  *See* Doc. 1.  Plaintiff appears to rely on the GDC policy that assignment to Tier II should be limited to 24 months to establish both a liberty interest and a procedural defect.  *Id*. at 5.  However, that Plaintiff was held in Tier II administrative segregation for more than 24 months in violation of GDC Tier II policy does not establish a due process claim in itself.  *Sandin v. Connor*, 515 U.S. 472, 482 (1995) ("[P]rison regulation[s] [are] primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates.").

The Court **ADOPTS** the findings and conclusions in the Recommendation.  Plaintiff has failed to state a claim for relief.  Accordingly, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice.**

**SO ORDERED,** this 23rd day of January, 2017.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT